# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

No. 96-60167
Summary Calendar

JERRY LEE QUINN,

Plaintiff-Appellant,

versus

NOVA G. STOKES,

Defendant-Appellee.

Appeal from the United States District Court
For the Northern District of Mississippi
(1:96-CV-22-S-D)

November 27, 1996

Before POLITZ, Chief Judge, DAVIS and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Jerry Lee Quinn appeals the district court's dismissal of his civil rights suit against Special Agent Nova G. Stokes of the Bureau of Alcohol, Tobacco and Firearms. For the reasons assigned, we vacate and remand.

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Background

On May 12, 1995 Stokes executed a search warrant at Quinn's residence. The warrant authorized the search & seizure of listed as search items firearms, firearms purchase receipts, warranties, parts lists, and other indicia of receipt or possession of firearms and/or ammunition. During the search Stokes seized two postal receipts addressed to Thomas Gardner and William Hammack, one legal envelope, and one regular long envelope addressed to Quinn.

Quinn, *pro se* and *in forma pauperis*, filed suit under 42 U.S.C. § 1983 alleging that Stokes violated his fourth amendment rights by exceeding the scope of the search warrant. The district court dismissed Quinn's suit under Rule 12(b)(6) reasoning that Stokes' seizure of the papers was reasonable under the circumstances because the agent believed that they constituted evidence of other crimes.

Analysis

We review the district court's dismissal of a claim under Rule 12(b)(6) *de novo*,[1] accepting all well-pleaded averments as true and viewing them in the light most favorable to the plaintiff.[2] Dismissal is not proper unless it appears, based solely on the pleadings, that the plaintiff can prove no set of facts in support of his

---

[1]**Blackburn v. City of Marshall, Tex.**, 42 F.3d 925 (5th Cir. 1995).

[2]**Rankin v. City of Wichita Falls, Tex.**, 762 F.2d 444 (5th Cir. 1985).

claim that would entitle him to relief.[3]

Quinn's complaint, although brought under 42 U.S.C. § 1983, names a federal agent rather than a state officer. His claim must be considered under **Bivens v. Six Unknown Named Agents**.[4] To state a **Bivens** claim the plaintiff must allege the deprivation of a constitutional right by a federal agent.[5]

Construed liberally, Quinn's complaint states a claim. He alleges that Stokes, a federal agent, exceeded the scope of the search warrant in violation of the fourth amendment by seizing items not described therein.[6] This complaint passes Rule 12(b)(6) muster.

The judgment appealed is VACATED and this cause is REMANDED for further proceedings not inconsistent herewith.

---

[3]**Id.**

[4] 403 U.S. 388 (1971).

[5]**Enplanar, Inc. v. Marsh**, 11 F.3d 1284 (5th Cir.), cert. denied, 115 S.Ct. 312 (1994).

[6]See **Creamer v. Porter**, 754 F.2d 1311 (5th Cir. 1985).